## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RAYMOND H. STRICKLAND, | ) | CASE NO. 8:12CV288 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| MICHAEL T. FRUDIKER, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Plaintiff's Motions to Set Aside Filing Fee.  (Filing Nos. 11, 12, and 14.)  In his Motions, Plaintiff states that he is unable to pay the initial partial filing fee because he is completely indigent.  (Filing Nos. 11, 12, and 14.)  Plaintiff further states that he will pay the filing fee in installments when funds become available, but he does not want this matter to be dismissed for his failure to pay.  (Filing Nos. 11, 12, and 14.)

As set forth in 28 U.S.C. § 1915(b)(4), "[i]n no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."  When the prisoner is unable to pay the initial partial filing fee due to a lack of funds, the requirement that the initial partial filing fee will be paid at the outset of the case is suspended.  *See Jackson v. N.P. Dodge Realty Co.,* *173 F. Supp. 2d 951, 957 n. 9 (D. Neb. 2001)*.  Instead, "the whole of the . . . filing fees are to be collected and paid by the installment method contained in § 1915(b)(2)."  *Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997)*.  This matter will therefore proceed without payment of the initial partial filing fee.  Thus, the court now conducts an initial review of Plaintiff's' claims to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I.   SUMMARY OF COMPLAINT

Plaintiff filed his Complaint[1] in this matter on August 10, 2012, against one Defendant, Michael Frudiker ("Frudiker").  (Filing No. 1.)  As best as the court can tell, Frudiker is a corrections officer at the Douglas County, Nebraska Correctional Center, where Plaintiff is currently incarcerated.  (*Id.*)

Condensed and summarized, Plaintiff alleges that Frudiker came into his cell on August 2, 2012, in response to Plaintiff "kick[ing] the door" of his cell.  (Filing No. 1 at CM/ECF p. 1; Filing No. 9 at CM/ECF p. 1.)  Frudiker "screamed" at Plaintiff, and "headbutted" him, knocking out one of Plaintiff's teeth.  (Filing No. 9 at CM/ECF p. 1.)  Frudiker then punched and "chop[ped]" Plaintiff until Plaintiff was unconscious.  (*Id.*)  Plaintiff was taken to the hospital, where he received stitches, and "had to take antibiotics for almost a month from an infection" as a result of his injuries.  (*Id.*)  Plaintiff further alleges that Frudiker lied in his reports of the incident.  (Filing No. 13.)  Plaintiff requests that the court "keep the c/o's from [his] presence."  (Filing No. 1 at CM/ECF p. 2.)

## II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. §§ 1915(e) and 1915A.  The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that

---

[1]Plaintiff filed a Complaint (Filing No. 1), Supplement (Filing No. 9), and Amended Complaint (Filing No. 13).  The court views these documents together, and considers the Supplement and Amended Complaint as "as supplemental to, rather than as superseding" Plaintiff's original Complaint.  *See* NECivR 15.1.

seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009), ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002), (citations omitted).

## III.   DISCUSSION OF CLAIMS

Plaintiff names Frudiker as the sole Defendant in this matter.  (Filing No. 1 at CM/ECF p. 1.)  Regarding Frudiker, the court notes that, where a plaintiff fails to "expressly and unambiguously" state that a public official is sued in his or her individual capacity, the court "assume[s] that the defendant is sued only in his or her official capacity." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).  As set forth by the Eighth Circuit:

> Because section 1983 liability exposes public servants to civil liability and damages, we have held that only an express statement that they are being sued in their individual capacity will suffice to give proper notice to the

defendants.  Absent such an express statement, the suit is construed as being against the defendants in their official capacity.

*Id.*  These rules have been consistently applied to municipal defendants.  *See, e.g., Baker v. Chisom*, 501 F.3d 920, 924 (8th Cir. 2007), (affirming dismissal of claims based on assumption of official capacity only where the plaintiff failed to clearly state the capacity in which he intended to sue several county defendants); *Johnson,* 172 F.3d at 535, (assuming official capacity only claims and affirming grant of summary judgment in favor of county sheriffs).  Further, "[a] suit against a public employee in his or her official capacity is merely a suit against the public employer."  *Johnson*, 172 F.3d at 535.  Here, Plaintiff did not specify the capacity in which the sole, individual Defendant, Frudiker, is sued.  (Filing Nos. 1, 9, and 13.)  Therefore, as set forth above, the court assumes that Frudiker is sued in his official capacity only.  Further, the claims against Frudiker, in his official capacity, are actually claims against his employer, Douglas County, Nebraska.

A county may only be liable under section 1983 if its "policy" or "custom" caused a violation of Plaintiff's constitutional rights.  *Doe By and Through Doe v. Washington Cnty.,* 150 F.3d 920, 922 (8th Cir. 1998), (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).  An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy.  *Jane Doe A By and Through Jane Doe B v. Special Sch. Dist. of St. Louis Cnty.,* 901 F.2d 642, 645 (8th Cir.1990), (citing *Pembaur v. City of Cincinnati,* 475 U.S. 469, 483 (1986)).

4

  8em

To establish the existence of a governmental custom, a plaintiff must prove:

1)    The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2)    Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3)    That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by Douglas County or its employees, or that Douglas County's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct on the part of Frudiker.  (Filing Nos. 1, 9, and 13)  Moreover, Plaintiff does not allege that an unconstitutional custom was the moving force behind his injuries.  (Filing Nos. 1, 9, and 13.)  Accordingly, Plaintiff has failed to allege sufficient facts to "nudge" his claims against Douglas County across the line from conceivable to plausible under the *Jane Doe* standard.

However, on its own motion, the court will permit Plaintiff 30 days in which to amend his Complaint to sufficiently allege a claim against Douglas County in accordance with the *Jane Doe* standard.  Any amended complaint shall restate the allegations of Plaintiff's prior Complaints (Filing Nos. 1, 9, and 13), and any new allegations.  Failure to consolidate all claims into one document will result in the abandonment of claims.  If Plaintiff fails to file a sufficient amended complaint in accordance with this Memorandum and Order, this

matter will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

Plaintiff also seeks the appointment of counsel.  (Filing Nos. 5, 6, and 11.)  The court cannot routinely appoint counsel in civil cases.  In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ."  *Id.* (quotation and citation omitted).  No such benefit is apparent here.  The request for the appointment of counsel is therefore denied without prejudice.

IT IS THEREFORE ORDERED that:

1.    Plaintiff shall have until **November 28, 2012**, to amend his Complaint and clearly state a claim upon which relief may be granted against Douglas County, Nebraska, in accordance with this Memorandum and Order.  If Plaintiff fails to file a sufficient amended complaint, Plaintiff's Complaint will be dismissed without further notice for failure to state a claim upon which relief may be granted;

2.    In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (Filing No. 1), and any new allegations.  Failure to consolidate all claims into one document may result in the abandonment of claims;

3.    The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **November 28, 2012**, and dismiss if none filed;

4.    Plaintiff shall keep the court informed of his current address at all times while this case is pending.  **Failure to do so may result in dismissal without further notice;**

5.    Plaintiff's Motions to Set Aside Filing Fee (Filing Nos. 11, 12, and 14) are granted;

6

6.     The initial partial filing fee and subsequent installments shall be collected and remitted, as funds exist, in the manner set forth in 28 U.S.C. § 1915(b)(2).   Until the full filing fee of $350.00 is paid, the prisoner shall be obligated to pay, and the agency having custody of the prisoner shall forward to the Clerk of the court, 20 percent of the preceding month's income in such months as the account exceeds $10.00;

7.     The Clerk of the court shall serve a copy of this order on the appropriate financial officer for Plaintiff's current institution;

8.     Plaintiff's Motion to Extend Time to Pay Filing Fee (Filing No. 10) is denied as moot; and

9.     Plaintiff's Motions to Appoint Counsel (Filing Nos. 5, 6, and 11) are denied.

DATED this 30th day of October, 2012.

BY THE COURT:


s/Laurie Smith Camp
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

7