IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **RAYMOND H. STRICKLAND,** | ) | **CASE NO. 8:12CV288** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| **MICHAEL T. FRUDIKER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the court on its own motion. On October 30, 2012, the court conducted an initial review of Plaintiff's Complaint and concluded that it failed to state a claim upon which relief could be granted. (Filing No. 16.) However, the court provided Plaintiff with the opportunity to file an amended complaint. (*Id*.) Plaintiff filed an Amended Complaint on November 9, 2012. (Filing No. 17.) The court now conducts an initial review of the Amended Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

I.     SUMMARY OF COMPLAINT

Plaintiff filed his Amended Complaint in this matter against the Douglas County Correctional Center ("DCC") and eight individual DCC employees. (Filing No. 17.) Plaintiff sues the individual Defendants in both their individual and official capacities. (*Id*.) Plaintiff is currently incarcerated in the Pottawattamie County Jail in Council Bluffs, Iowa. (*See* Docket Sheet.)

Condensed and summarized, Plaintiff alleges that Defendant Michael T. Frudiker ("Frudiker") came into his DCC cell on August 2, 2012, after Plaintiff "kicked on [his] cell door." (Filing No. 17 at CM/ECF p. 4.) Frudiker "screamed" at Plaintiff and "headbutted" him, knocking out one of Plaintiff's teeth. (*Id*.)  Thereafter, Defendant Robert Dellutri

("Dellutri") joined Frudiker and both officers punched and "chop[ped]" Plaintiff. (*Id.*) Plaintiff was taken to Nebraska Medical Center, where he received stitches. (*Id.*) Plaintiff further alleges that Frudiker and Dullutri lied in their reports of the incident. (*Id.* at CM/ECF p. 5.) Plaintiff seeks $1,000,000.00 in monetary damages. (*Id.* at CM/ECF p. 6.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1950 (2009), ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be

construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002), (citations omitted).

### III.  DISCUSSION OF CLAIMS

   *A.  Municipal Liability*

The court liberally construes claims against DCC, and DCC employees in their official capacities, as claims against Douglas County, Nebraska.  As a municipality, Douglas County can be liable for a § 1983 claim only if a municipal "policy or custom" caused a plaintiff to be deprived of a federal right. *L.A. Cnty. v. Humphries,* 131 S. Ct. 447, 450 (2010); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).  An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cnty.*, 901 F.2d 642, 645 (8th Cir. 1990), (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

   To establish the existence of a governmental custom, a plaintiff must prove:

   1)   The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

   2)   Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

   3)   That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by Douglas County or its employees, or that

Douglas County's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct. (Filing No. 17.) Moreover, Plaintiff does not allege that an unconstitutional custom was the moving force behind his injuries. (*Id*.) Accordingly, Plaintiff has failed to allege sufficient facts to "nudge" his claims against Douglas County across the line from conceivable to plausible under the *Jane Doe* standard.

### B. Eighth Amendment

Liberally construed, Plaintiff alleges that Frudiker and Dellutri used excessive force in violation of the Eighth Amendment. (*Id*. at CM/ECF pp. 4-5.) "It is well established that a malicious and sadistic use of force by a prison official against a prisoner, done with the intent to injure and causing actual injury, is enough to establish a violation of the Eighth Amendment's cruel and unusual punishment clause." *Williams v. Jackson,* 600 F.3d 1007, 1012 (8th Cir. 2010), (internal quotations omitted). However, "'not . . . every malevolent touch by a prison guard gives rise to a federal cause of action,' a *de minimis* application of force will not give result in a constitutional violation." *Id*. (quoting *Hudson v. McMillan,* 503 U.S. 1, 9 (1992)); *see also Wilkins v. Gaddy*, 130 S. Ct. 1177-78 (2010), ("An inmate who complains of a push or shove that causes no discernable injury almost certainly fails to state a valid excessive force claim." (internal quotation marks omitted)). Where the force applied is excessive, however, a constitutional claim may survive summary dismissal even if the resulting injury is *de minimis*. *Wilkins*, 130 S. Ct. at 1180.

Here, Plaintiff alleges that Frudiker came into his cell on August 2, 2012, after Plaintiff "kicked on [his] cell door." (Filing No. 17 at CM/ECF p. 4.) Frudiker "screamed" at Plaintiff and "headbutted" him, knocking out one of Plaintiff's teeth. (*Id*.) Thereafter, Dellutri joined Frudiker and both officers punched and "chop[ped]" Plaintiff. (*Id*.) Plaintiff

4

was taken to Nebraska Medical Center, where he received stitches. (*Id*.) Liberally construed, Plaintiff has alleged sufficient facts to suggest that Frudiker and Dellutri applied excessive force in responding to Plaintiff's kicking of his cell door.

    C.    *Sufficiency of Allegations and Respondeat Superior*

Although the court liberally construes Plaintiff's Complaint to allege an Eighth Amendment excessive force claim against Frudiker and Dellutri, Plaintiff has failed to allege that the other individual Defendants were personally involved in or directly responsible for the conduct leading to this claim. Consequently, Plaintiff's Complaint fails to state an Eighth Amendment excessive force claim upon which relief may be granted against "Mr. Foxall," "Captain John Hubbard," "Lt. Morrison," "Sgt. McCleland," "Ofc DesAngelas," and "Ofc Russal." See *Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999), (concluding that a complaint was properly dismissed because plaintiff failed to allege facts supporting any individual defendant's personal involvement or responsibility for violations); *see also Ashcroft*, 129 S. Ct. at 1950, (stating that a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged). Moreover, to the extent that Plaintiff alleges that "Mr. Foxall" is liable as a prison supervisor, his claim fails because *respondeat superior* is not a basis for liability under 42 U.S.C. § 1983. *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997), (finding that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability).

IT IS THEREFORE ORDERED that:

1. Plaintiff's claims against DCC and all the individual Defendants in their official capacities are dismissed without prejudice;

2. Plaintiff's claims against "Mr. Foxall," "Captain John Hubbard," "Lt. Morrison," "Sgt. McCleland," "Ofc DesAngelas," and "Ofc Russal" in their individual capacities are dismissed without prejudice;

3. Plaintiff's claims against Michael T. Frudiker and Robert Dellutri in their individual capacities may proceed;

4. To obtain service of process on Defendants Frudiker and Dellutri in their individual capacities, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send two summons forms and two USM-285 forms to Plaintiff, together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur;

5. Upon receipt of the completed forms, the Clerk of the court will sign the summons forms, to be forwarded with a copy of the Complaint and Amended Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and Complaint and Amended Complaint without payment of costs or fees. Service may be by certified mail pursuant to Federal Rule of Civil Procedure 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Amended Complaint, and Plaintiff does not need to do so;

6. [Federal Rule of Civil Procedure 4](#) requires service of the complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process;

7. Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint;

8. The Clerk of Court is directed to set a pro se case management deadline in this case with the following text: "July 9, 2013: Check for completion of service of summons;" and

9. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

DATED this 12th day of March, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.